**Mark AUTIN, Plaintiff-Appellant,**

v.

**OTIS ENGINEERING CORPORATION, Highlands Insurance Company, Defendant-Appellee.**

No. 79–3946
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 18, 1981.

Evangeline M. Vavrick, New Orleans, La., for plaintiff-appellant.

Christovich & Kearney, Lawrence J. Ernst, New Orleans, La., for defendant-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

The prior unpublished opinion of February 25, 1981 in this case is withdrawn, and the following opinion is substituted therefor.

The single issue on this appeal is the propriety of the district court's grant of a judgment notwithstanding the verdict of the jury which reduced the plaintiff-seaman's award of maintenance from $20 per day to $8 per day. Finding the evidence supported the jury's verdict under the test of *Boeing Company v. Shipman*, 411 F.2d 365, 374 (5th Cir. en banc 1969), we reverse.

Mark Autin, the plaintiff, was injured while employed as a deck hand aboard the M/V HAROLD HOLDER. He brought the instant action against Otis Engineering Corporation, his employer, and Highlands Insurance Company seeking damages under the Jones Act, 46 U.S.C. § 688, and maintenance and cure benefits under the general maritime law. The cause was tried to the jury which in answer to special interrogatories awarded Autin $73,000 in damages, and maintenance at the rate of $20 per day. After the verdict was returned, both plaintiff and defendants requested that it be set aside. The plaintiff asserted it was insufficient. The defendants asserted (1) the proof failed to establish the amounts of compensation actually paid and (2) no admissible evidence was offered to establish what the rate should be.

The district court adopted the verdict of the jury awarding $73,000 in damages but set aside the award of $20 per day and ordered maintenance benefits paid at the rate of $8 per day from the date of the last payment until August 12, 1979, subject to certain credits. In its reasons for judgment the court found that the evidence presented was "somewhat insufficient," but rejected this as a basis for denial of all maintenance benefits. The court also stated that it rejected any claim of double recovery. However, it then proceeded to suggest that there were elements of double recovery in the damage and maintenance awards which it would eliminate by reducing the maintenance award to "achieve rough justice," citing G. Gilmore & C. Black, The Law of Admiralty (2d ed. 1975), § 6–9, p. 293. None of the defendants' pleadings in the court below asserted that the maintenance award introduced an element of double recovery. They do not urge that ground on this appeal.

During the trial a witness recognized by the court without objection as an expert economist stated his opinion that the average daily cost of meals to an employer of seamen such as Autin would be $11 per day in 1977 and $12 per day in 1978 and thereafter. Counsel for defendants objected on the grounds that it was not shown that the defendant Otis Engineering purchased meals for its employees and that it would be shown the ship's personnel prepared

meals for themselves. The court overruled the objection as going to weight rather than admissibility of the opinion tendered. Despite extensive cross-examination, defendants never renewed their objection to the expert's opinion proof on this or any other ground. Autin also established that he paid $300 per month for an apartment and utilities.

Without objection the court instructed the jury that Autin's right to maintenance entitled him to be paid an amount of money per day sufficient to defray his cost of food and lodging plus the expense of transportation to and from a medical facility; that if the seaman was paid by someone else for food, lodging and medical bills, he was not owed the duty of maintenance and cure. In response to these instructions the jury found that Autin reached maximum medical cure on August 12, 1979, and that the amount of daily maintenance reasonable to provide him with food, lodging and transportation to medical facilities was $20 per day. They further found that Otis stopped paying Autin maintenance and cure benefits before Autin reached maximum recovery. The record evidence clearly supports the jury's finding. The court was in error in reducing the amount of the jury's award.

The judgment notwithstanding the verdict of the jury on the amount of maintenance is reversed and the cause is remanded with directions to recalculate the proper award for maintenance to August 12, 1979, at the rate of $20 per day subject to any and all credits due for periods that plaintiff was hospitalized and for prior payments of maintenance.

REVERSED and REMANDED WITH DIRECTIONS.